HON. DAVID S. RITTER District Attorney of Orange County
This is in reply to your letter dated July 26, 1977, wherein you ask for an opinion with respect to an interpretation of section 400.05 of the Penal Law as to whether hand guns in your possession, confiscated by the State Police and used as evidence as a result of criminal charges, may be retained and used by members of your investigative staff upon the filing by the District Attorney of a certificate of non-destruction pursuant to section 400.05, subdivision 3 of the Penal Law.
A prior opinion of the Attorney General, issued on July 10, 1973, concluded that violators would forfeit such firearms unlawfully possessed (section 400.05[1]), but that such weapons must be destroyed or rendered ineffective and harmless pursuant to section 400.05(2) of the Penal Law. Provision is made for a District Attorney to file a certificate that non-destruction is necessary or proper to serve the ends of justice (section 400.05[3]).
It is noted that section 415.00 of the Penal Law expressly provides for the disposition of confiscated motor vehicles by the District Attorney and specifically states that after a judicial determination of forfeiture of such motor vehicle, the District Attorney may retain such seized property for the official use of his office or sell such forfeited property at a public sale.
There is no similar provision in the law whereby a District Attorney may retain such firearms for his own use or the use of members of his investigative staff.
A district Attorney may not retain any confiscated or seized evidence or contraband unless specifically so authorized (Penal Law, §415.00). The use of hand guns by the District Attorney's investigative staff does not in our view come within the interpretation of serving the ends of justice.
The position of the Orange County District Attorney as manifested in his certificate of non-destruction is genuine and commendable in attempting to present the merits and inequities of this situation, especially his concern to alleviate the fiscal burden of the taxpayers. However, his recommendation to allow such procedure should be presented to the Legislature for the enactment of an appropriate statute.
In the absence of statutory provision granting the District Attorney express authority to retain such firearms for the use of members of his investigative staff, such weapons must be returned to the proper official for disposition (Penal Law, § 400.05 [1]).